## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAN ALLEN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00016-TCK-FHM |
| | ) | |
| (1) MED-TRANS CORPORATION, | ) | *(Removed from District Court* |
| a Foreign Corporation, | ) | *of Ottawa County* |
| | ) | *Case No. CV-19-74)* |
| Defendant. | ) | |
| | ) | |

## <u>MED-TRANS CORPORATION'S NOTICE OF REMOVAL</u>

Defendant Med-Trans Corporation ("Med-Trans") removes this case from the District Court of Ottawa County to the United States District Court for the Northern District of Oklahoma.

## REMOVAL JURISDICTION

1.     This case was filed on December 18, 2019 in the District Court of Ottawa County, State of Oklahoma. Med-Trans, which is the only defendant, was served with the summons and complaint on December 23, 2019. Removal is timely under 28 U.S.C. § 1446 because Med-Trans has filed this Notice of Removal within thirty days of service of the complaint. Removal is permitted under 28 U.S.C. §§ 1331 and 1441 because this case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Removal to this Court is proper because Ottawa County is located in the Northern District of Oklahoma.  28 U.S.C. §§ 116(a), 1441(a).

2.     As required by 28 U.S.C. § 1446(a) and LCvR81.2, Med-Trans has attached to this notice all documents filed in the case (Ex. 1, Petition; Ex. 2, Summons; Ex. 3, Return of Service), along with a copy of the docket sheet (Ex. 4). Upon filing this

Notice of Removal, Med-Trans will provide written notification to the plaintiff's counsel and will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the District Court of Ottawa County.

3.      Med-Trans reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

## BACKGROUND

4.      On July 26, 2019, Jan Allen took her late husband, Jerry Allen, to the emergency room at Integris Hospital in Miami, Oklahoma. Petition (Ex. 1) ¶ 4.[1] That same day, Med-Trans transported Mr. Allen via air ambulance (i.e., by helicopter) from Integris Hospital to St. John's Hospital in Tulsa, Oklahoma, a distance of approximately 80 miles. *Id.* ¶ 5. Mr. Allen remained in the hospital for approximately one month before he passed away. *Id.* ¶ 6. Subsequently, Med-Trans sent Mrs. Allen a bill reflecting a charge of $49,886.53 for its air transportation services. *Id.* ¶ 7. To date, the Allens' health insurance plan has paid $12,113.89 of the $49,886.53 balance. *Id.* ¶ 8. A phone call with the plan's claims administrator, Benefit Management, revealed that the plan was sponsored by Newell Coach Corporation. (Exs. 5 and 5-1, Declaration and Transcript)

5.      After diligently pursuing its claim with Newell Coach's claims administrator Benefit Management without success, Med-Trans attempted to collect from Ms. Allen in November of 2019. Subsequently, Mrs. Allen, represented by Conner & Winters (the same firm that represents Newell Coach), sued Med-Trans, but not Newell

---

[1] For purposes of this Notice of Removal, Med-Trans will assume that the factual allegations in Ms. Allen's Petition are true.

Coach. The Petition seeks a declaratory judgment that Ms. Allen is not obligated to pay Med-Trans' full charge, contends that "Defendant may collect from her only the reasonable and customary value of the services rendered," and it asks the Court to, in essence, determine the "reasonable and customary value" of the services rendered. (Ex. 1, Petition, Prayer for Relief.)

6.      This identical situation presented itself in a prior lawsuit, *Brenda Garrett v. EagleMed, LLC*, which was similarly removed from the District Court of Ottawa County to the United States District Court for the Northern District of Oklahoma, Case No. 16-CV-0377-CVE-FHM. In that matter, the same employer/plan sponsor, Newell Coach Corporation, disputed the reasonableness of the charges for air medical transport services provided by EagleMed, LLC and demanded the same type of declaratory relief sought in this matter. (Ex. 6, Garrett Petition). The same law firm of Connor & Winters represented the employee Plaintiff in that matter, Brenda Garrett. *Id.*  Correspondence in that matter established that the law firm of Connor & Winters also "serve[s] as general counsel for Newell Coach Corporation," which "offers its employees a self-funded health & welfare plan providing health and dental benefits." (Ex. 7, C&W Correspondence). The letter represented that Newell Coach was the administrator of the plan and that Ms. Garrett (the Plaintiff in the prior lawsuit) was a beneficiary of the plan, just as Mrs. Allen and her late husband are beneficiaries of the plan in this matter. *Id.* at 1–2.

7.      According to counsel's letter in connection with the *Garrett* lawsuit, Newell Coach offers "a self-funded health & welfare plan providing health and dental benefits." (Ex. 7 at 1). Such a plan is governed by ERISA. 29 U.S.C. §§ 1002(1),

3

1003(a). Plaintiff and her late husband in this matter are beneficiaries of the same ERISA plan.

8.      In the *Garrett* lawsuit, the Plaintiff resisted removal and filed a Motion to Remand alleging that the claims were based solely on state law and that the plaintiff was not seeking benefits under an employee benefits plan. This Court denied Plaintiff's Motion to Remand and found as follows in the *Garrett* lawsuit:

> "The Court finds that plaintiff's state law claim is completely preempted by ERISA and the case was properly removed to federal court. Plaintiff has attempted to plead her claim in a manner that does not implicate ERISA, but plaintiff certainly could have brought this case as a claim against her insurer and the Court will necessarily need to consider the terms of the plan to determine the amount of plaintiff's outstanding obligation to EagleMed. The Court has subject matter jurisdiction over plaintiff's claim and her motion to remand should be denied."

No. 16-CV-0377-CVE-FHM, Doc. 25 at p.7 (N.D. Okla. Sept. 8, 2016), (Exhibit 8, Opinion and Order).

## JURISDICTION EXISTS UNDER ERISA

9.      Identical to the situation in *Garrett*, although Ms. Allen's Petition does not expressly reference federal law, her claims nevertheless arise under federal law because they are completely preempted by ERISA. Therefore, this case may be removed because this Court has original jurisdiction over Ms. Allen's claims pursuant to 28 U.S.C. §§ 1331 and 1441.

10.      The scope of preemption under ERISA is extremely broad. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that

4

employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citation omitted) (internal quotation marks omitted). ERISA has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1997). Therefore, "causes of action within the scope of [ERISA's] civil enforcement provisions … [are] removable to federal court." *Id.* at 66.

11.     The Supreme Court has established a two-part test to determine whether a state-law claim is completely preempted by ERISA and thus is removable. The first part asks whether the plaintiff "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Section 502(a)(1)(B) of ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The second part asks whether "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. If the plaintiff could have brought his or her claim under Section 502(a)(1)(B), and there is no independent legal duty implicated by the defendant's actions, then the claim is completely preempted, and the case may be removed. *Id.*

12.     The Tenth Circuit previously held that ERISA completely preempted a claim similar to Ms. Allen's, and removal was proper. In *Salzer v. SSM Health Care of Oklahoma, Inc.*, the plaintiff had been injured in an accident and was treated at a facility

5

owned by SSM Health Care. 762 F.3d 1130, 1133 (10th Cir. 2014). SSM had a contract with the plaintiff's insurer that required SSM to bill the insurer directly and accept a discounted payment, but SSM billed the plaintiff and did not discount its charge. *Id.* The plaintiff sued SSM in state court, alleging that SSM had tortiously interfered with his own contract with the insurer, which entitled him to the same discount and was governed by ERISA.[2] *Id.* SSM removed the case, and the district court and Tenth Circuit both held that ERISA completely preempted the claim. *Id.* at 1133, 1137–38.

13.     Even though SSM was not a party to the plaintiff's contract with his insurer, the Tenth Circuit held that the plaintiff's claim against SSM satisfied both parts of the *Davila* test because it "depends entirely upon the existence of a benefit contained in an ERISA plan." *Id.* at 1137. As to the first part, the court held that the plaintiff could have brought his claim under Section 502(a)(1)(B) of ERISA "because it is one 'to enforce his rights under the terms of the plan.'" *Id.* at 1138 (quoting 29 U.S.C. § 1132(a)(1)(B)). As to the second part, the court held that there was no separate legal duty implicated by the defendant's actions because the plaintiff's "claim for tortious interference can succeed only if his ERISA plan actually entitled him to a discount for the services provided by SSM. Accordingly, interpretation of the Plan is a necessary component of the claim and thus the legal duty at issue cannot be described as 'independent of ERISA.' His right to relief depends upon Plan provisions." *Id.* (quoting

---

[2] The plaintiff also brought five other claims, which ERISA did not completely preempt. *Salzer*, 762 F.3d at 1135–37.

*Davila*, 542 U.S. at 214). Because the claim satisfied both parts of the *Davila* test, the court held that it was completely preempted and SSM was entitled to remove the suit. *Id.*

14.     ERISA completely preempts Ms. Allen's claims for the same reasons. Ms. Allen alleges that "Med-Trans may collect from her only the reasonable and customary value of the services rendered." (Ex. 1) ¶ 15. In *Garrett*, Newell Coach claimed that it would violate its fiduciary duties to "pay a charge that is not reasonable and customary." (Ex. 7 at 2). In other words, the subject ERISA plan gives beneficiaries like Mrs. Allen the right to reimbursement of reasonable charges. Like the plaintiff in *Salzer*, Mrs. Allen could have brought her claim under Section 502(a)(1)(B) of ERISA "to enforce [her] rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Moreover, because the plan sponsor (Newell Coach) has not disputed that the subject ERISA plan covers Med-Trans' services, but has paid only a fraction of the total billed amount, Mrs. Allen could have brought her claim under the portion of Section 502(a)(1)(B) that provides a cause of action "to recover benefits due to [her] under the terms of the plan." *Id.*; *see also Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 819–21 (D.N.J. 2011), *aff'd in part and vacated in part on other grounds*, 647 F. App'x. 76 (3d Cir. May 2, 2016) (holding that a plan subscriber had a cause of action under Section 502(a)(1)(B) against the plan administrator for underpayment of claims to an out-of-network provider). Therefore, the first part of the *Davila* test is satisfied.

15.     The second part of the test is satisfied because the success of Mrs. Allen's claim against Med-Trans—in fact, whether she has a claim at all—depends on the interpretation of the subject ERISA plan. If this Court were to determine that Med-Trans'

billed charges are "reasonable" as the plan uses that word (and Med-Trans believes they are), then Newell Coach would be obligated to pay the full bill, leaving Mrs. Allen with no liability to Med-Trans and no cause of action. And if the Court were to determine that a smaller charge is "reasonable," Mrs. Allen still would not have a cause of action if Med-Trans decides to accept the smaller charge as payment in full. "Accordingly, interpretation of the Plan is a necessary component of the claim and thus the legal duty at issue cannot be described as 'independent of ERISA.' [Her] right to relief depends upon Plan provisions." *Salzer*, 762 F.3d at 1138 (quoting *Davila*, 542 U.S. at 214). In fact, this case will present ERISA claims, and questions of plan interpretation, even more squarely than *Salzer* did. If the case is not dismissed,[3] Med-Trans will file a third-party complaint against Newell Coach for its failure to pay benefits under its ERISA plan as ERISA requires. Because the *Davila* test is satisfied, ERISA completely preempts Mrs. Allen's claim.

## CONCLUSION

For the foregoing reasons, Med-Trans removes this action from the District Court of Ottawa County to the United States District Court for the Northern District of Oklahoma.

---

[3] Med-Trans will move to dismiss this action because Plaintiff's claims are preempted by the Airline Deregulation Act, which prohibits a State from enacting or enforcing a "law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).

/s/ Brandon L. Buchanan
BRANDON L. BUCHANAN, OBA #18661
MARK SPENCER, OBA # 12493
MCAFEE & TAFT A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, Oklahoma  73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
brandon.buchanan@mcafeetaft.com
mark.spencer@mcafeetaft.com


-and-

ANNA E. IMOSE, OBA #32021
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK  74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
anna.wolfe@mcafeetaft.com
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of January, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

P. Scott Hathaway
Madison C. Mosier
*Attorneys for Plaintiff*

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service, postage prepaid, this 13th day of January, 2020, to:

P. Scott Hathaway
Madison C. Mosier
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
Telephone:    (918) 586-8510
Facsimile:    (918) 586-8610
*Attorneys for Plaintiff*

*/s/ Brandon L. Buchanan*
BRANDON L. BUCHANAN