## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAN ALLEN, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00016-TCK-FHM |
| | ) | |
| (1) MED-TRANS CORPORATION, | ) | *(Removed from District Court* |
| a Foreign Corporation, | ) | *of Ottawa County* |
| | ) | *Case No. CV-19-74)* |
| Defendant. | ) | |

## DEFENDANT MED-TRANS CORPORATION'S MOTION TO DISMISS
## AND OPENING BRIEF IN SUPPORT

Defendant Med-Trans Corporation ("Med-Trans") hereby moves this Court to

dismiss this case for failure to state a claim upon which relief can be granted.

## INTRODUCTION

This is a case about air ambulance transportation services provided to Plaintiff's

late husband in Ottawa County, Oklahoma by Med-Trans, an air ambulance carrier.

Plaintiff filed suit in the District Court of Ottawa County, Oklahoma, and the case was

removed to this Court.

Plaintiff's single cause of action seeks a declaratory judgment that, under

Oklahoma equitable principles, Med-Trans's charges are "unreasonable" and

"excessive." Pet. (Dkt. No. 2-1) ¶ 12. She asks this Court to determine "the reasonable

value of the [air-ambulance] services" Med-Trans provided to her late husband. *Id.* ¶ 11;

*see also id.* ¶ 15.[1]   The Airline Deregulation Act, however, prohibits a State from

---

[1] Plaintiff does not specify what state's law supposedly establishes that "she has no legal
obligation to pay the full amount" billed. *See* Pet. ¶ 15. And rather than citing 12 OKLA. STAT. §
1651, *et seq.*, Oklahoma's Declaratory Judgment Act, page 3 of Plaintiff's Petition cites "Rule
87.01, et seq.," which appears to be a mistaken reference to the State of Missouri's Rule

enacting or enforcing a "law related to a price, route, or service of an air carrier." 49

U.S.C. § 41713(b)(1). Med-Trans is a federally regulated "air carrier"; and as the Tenth

Circuit has held, courts may not apply state equitable principles, including a state-law

"reasonableness" standard, to reduce the amount an air-carrier such as Med-Trans can

charge for its services, because doing so "self-evidently affects the price of those

services." *Schneberger v. Air Evac EMS, Inc.*, 749 Fed. App'x 670, 671, 678 (10th Cir.

2018) (holding preempted "an Oklahoma state-law claim that requires a court to

determine a reasonable price for air-ambulance services" because it); *see also Scarlett v.*

*Air Methods Corp.*, 922 F.3d 1053, 1068 (10th Cir. 2019) (holding unjust enrichment

claim preempted). Other courts around the country have agreed. *Air Evac EMS, Inc. v.*

*Sullivan*, 331 F.Supp.3d 650, 659 (W.D. Tex. 2018), appeal docketed, No. 18-50722 (5th

Cir. Sept. 5, 2018) (ADA preempts application of workers'-compensation "fair and

reasonable" standard to reduce air-ambulance reimbursements); *Stout v. Med-Trans*

*Corp.*, 313 F. Supp. 3d 1289, 1296–98 (N.D. Fla. 2018) (ADA preempts unjust

enrichment claim and application of a state-law "reasonableness" standard to reduce air-

ambulance rates); *Bailey v. Rocky Mountain Holdings, LLC*, 136 F. Supp. 3d 1376, 1379,

1382 (S.D. Fla. 2015), *aff'd* 889 F.3d 1259, 1274 & n.31 (11th Cir. 2018) (ADA

preempts unjust enrichment claim); *PHI Air Med., LLC v. Texas Mut. Ins. Co.*, 549

S.W.3d 804, 809–11 (Tex. App. 2018), petition granted (Dec. 13, 2019) (ADA preempts

---

permitting courts to grant Declaratory Judgments. Petition (Dkt. No. 2-1) ¶15. However, in light
of the fact that she filed her Petition in Oklahoma court and all of the events alleged in the
Petition took place in Oklahoma, Med-Trans understands her to invoke Oklahoma law.

application of workers'-compensation "fair and reasonable" standard to reduce air-ambulance reimbursements).  Plaintiff's claim invoking equitable principles and asking for a determination under state law of the "reasonable and customary value" of Med-Trans' services is similarly preempted.

## BACKGROUND

On July 26, 2019, Jan Allen took her late husband, Jerry Allen, to the emergency room at Integris Hospital in Miami, Oklahoma. Petition (Dkt. No. 2-1) ¶ 4.[2] That same day, Med-Trans transported Mr. Allen via air ambulance (i.e., by helicopter) from Integris Hospital to St. John's Hospital in Tulsa, Oklahoma, a distance of approximately 80 miles. *Id.* ¶ 5. Mr. Allen remained in the hospital for approximately one month before he passed away. *Id.* ¶ 6. Subsequently, Med-Trans sent Mrs. Allen a bill reflecting a charge of $49,886.53 for its air transportation services. *Id.* ¶ 7. To date, the Allens' health insurance plan has paid $12,113.89 of the $49,886.53 balance. *Id.* ¶ 8.

On December 18, 2019, Plaintiff sued Med-Trans, alleging that its charges are unreasonable, and that she "is entitled to a declaratory judgment, pursuant to Rule 87.01, et seq., determining that she has no legal obligation to pay the full amount of $49,886.53 charged by Defendant, and that Defendant may collect from her only the reasonable and customary value of the services rendered." *Id.* ¶ 15. Med-Trans was served with the Petition on December 23, 2019 and timely removed the case to this Court on January 13, 2020.

---

[2] For purposes of this motion, Med-Trans will assume that the factual allegations in Mrs. Allen's Petition are true.

## ARGUMENT

**The Airline Deregulation Act Preempts Plaintiff's Claims.**

Congress enacted the Airline Deregulation Act ("ADA") in 1978 to deregulate domestic air transportation. To ensure that the states did not adopt their own regulations to undo the federal deregulation, Congress provided that "a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).  Med-Trans is an air carrier, and Plaintiff seeks enforcement of laws relating to Med-Trans' prices and services. Therefore, the ADA preempts her claims, and this suit should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).  Indeed, numerous courts, including the Tenth Circuit, have held that ADA preemption extends to suits claiming that an air-ambulance provider such as Med-Trans has charged an unreasonably high amount for its services. *See supra* at 2.

A.     Med-Trans is an Air Carrier.

In order to be considered an "air carrier" under the ADA's preemption provision, the air ambulance provider must satisfy the following: (1) it is a "citizen of the United States undertaken by any means, directly or indirectly, to provide air transportation" (49 U.S.C. § 40102(a)(2)); (2) it provides foreign, interstate or mail transportation by air as a common carrier (49 U.S.C. § 40102(a)(5), (25)); and (3) it is subject to regulation under 49 U.S.C. §§ 41101, *et seq.*; *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 731–32 (E.D.N.C. 2008). Med-Trans satisfies all three requirements, as held by at least one other district court. *Med-Trans Corp.*, 581 F. Supp. 2d at 731-32 ("Plaintiff is an air carrier for

purposes of the ADA."); *see also Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 763–66 (4th Cir. 2018) (examining statute and holding that federally registered air-ambulance provider is an "air carrier" within the meaning of the ADA).

As to the first requirement, Med-Trans is a citizen of the United States. Plaintiff has correctly alleged that Med-Trans is a foreign [North Dakota] company with its principal place of business in Texas. Petition, (Dkt. No. 2-1) ¶ 2. As to the second and third requirements, "while the ADA preemption clause expressly applies to services performed in interstate and foreign air transportation and in connection with the transportation of mail, [the Department of Transportation (DOT)] has opined that trying to carve out intrastate service as a mechanism to avoid preemption would neither be a realistic nor productive exercise. DOT has stated that any operator with Federal air carrier authority is to be accorded the protections of the Federal preemption provision, regardless of its precise flight operations." United States Department of Transportation, *Guidelines for the Use and Availability of Helicopter Medical Transport (HEMS)*, April 2015, pg. 9, https://www.ems.gov/pdf/advancing-ems-systems/Reports-and-Resources/ Guidelines_For_Helicopter_Emergency_Medical_Transport.pdf (Ex. 1) (footnotes and quotation marks omitted) (citing *Med-Trans*, 581 F. Supp. 2d at 729–33).[3] Med-Trans has federal air carrier authority as the holder of an FAA Part 135 operating certificate to

---

[3] *See also* Letter from Ronald Jackson, Assistant General Counsel of Operations for the Department of Transportation to Thomas A. A. Cook, Vice President & General Counsel for REACH Air Medical Services, LLC, Feb. 25, 2016 (Exs. 2 (¶ 6) and 2-4) at 2–3 (stating that "an air ambulance operator … that holds DOT economic authority to operate as a registered air taxi under 14 CFR part 298, along with an FAA air carrier operating certificate under 14 CFR part 135, is an 'air carrier' for purposes of the ADA preemption provision").

operate in the 48 contiguous United States and the District of Columbia, and authorization from the DOT under Part 298 to operate as a registered air taxi. (Exs. 2, Declaration (¶¶ 3, 4 and 5); 2-1, Part 135 Certificate; 2-2, Operations Specifications B050 at 12; and 2-3, Part 298 Registration.)[4] Therefore, Med-Trans is an "air carrier" entitled to the protection of the ADA's preemption provision. *Med-Trans Corp.*, 581 F. Supp. 2d at 731-32; *Cheatham*, 910 F.3d at 763–66.

B.      Plaintiff's Suit Relates to an Air Carrier's Prices and Services.

The ADA was adopted to abolish federal regulation of the rates, routes and services provided by air carriers. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).   As the Supreme Court observed in *Morales*, the ADA provided that "'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices' as well as 'variety [and] quality . . . of air transportation services.'"  *Id.* (brackets and ellipses in original). The ADA's language preempting any state's law or regulation that "related to price, route, or service of an air carrier" was adopted "[t]o ensure that States would not undo federal deregulation with regulation of their own." *Id.*

Congress used the phrase "relating to" in Section 41713(b)(1) to express its broad preemptive purpose. *Id.* at 383 ("The ordinary meaning of these words is a broad one – 'to stand in relation; to have bearing or concern; to pertain; refer; to bring in association

---

[4] The Court may take judicial notice of these certificates. Fed. R. Evid. 201; *Med Trans*, 581 F. Supp. 2d at 732 n.6. Taking judicial notice does not require conversion of the motion to dismiss into a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

with or connection with,' the words thus express a broad preemptive purpose."). Any claim that has "a connection with, or reference to" an air carrier's prices is subject to preemption. *Id.* at 384. Even state laws of general application will be preempted if they are applied in a manner that regulates the "price, route, or service of an air carrier." *Id.* at 390. Moreover, the ADA preempts not just statutes and regulations, but common law as well. *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 281, 1429 (2014). With respect to air ambulances, courts have held that the ADA preempts laws requiring a license from the State, *Hiawatha Aviation of Rochester, Inc. v. Minn. Dep't of Health*, 389 N.W.2d 507 (Minn. 1985), requiring operators to obtain a Certificate of Need, *Med-Trans*, 581 F. Supp. 2d at 742, and setting fees for air ambulance operations, *Valley Med Flight, Inc. v. Dwelle*, 171 F.Supp.3d 930   (D.N.D. Mar. 21, 2016); *EagleMed, LLC v. Wyoming*, No. 2:15-CV-00026-ABJ, slip op. at 35 (D. Wyo. May 16, 2016); *Med-Trans Corp.*, 581 F. Supp. 2d at 736.

The ADA also preempts claims under common law that an air ambulance company charged unreasonable prices for its services. *Susan Schneberger, et al. v. Air Evac EMS, Inc., et al.*, a recent class action filed in the United States District Court for the Western District of Oklahoma, involved these same allegations that the charges for air ambulance transport were excessive and unreasonable. No. CIV-16-843-R (W.D. Okla.). In *Schneberger*, the defendant-air carriers moved to dismiss the Plaintiffs' quasi-contract and unjust enrichment causes of action, as well as demands for injunctive and declaratory relief, on grounds of ADA preemption. The Court granted the Motion to Dismiss and held:

> "Defendants believe they are entitled to the full charges. Requiring them to accept less because of a policy-based inquiry—what's a reasonable rate for air ambulance services?—necessarily imposes upon them a rate that 'the State dictates' rather than one that 'the [air carrier] itself undertakes.'" (citing *Wolens*, 513 U.S. at 233).

> "As for Plaintiffs' argument that the claim is better thought of as one for unjust enrichment, preemption would still apply because that claim turns on notions found only outside the four corners of a contract." (citations omitted)

> "All things considered, letting these claims proceed would undermine the very purpose of the ADA preemption provision: 'prevent[ing] the States from undoing what the [ADA] was meant to accomplish,' namely, allowing 'air transportation [rates] to be set by market forces."

> "And Plaintiffs' request for injunctive and declaratory relief all hinge on the Court finding that Oklahoma law bars Defendants from charging these rates. The ADA therefore preempts these claims as well."

No. CIV-16-843-R, ECF No. 66 at pp. 11-13 (W.D. Okla. Mar. 15, 2017), attached hereto

as Ex. 3.

Plaintiffs appealed, and following briefing and oral arguments, on August 31,

2018, the United States Court of Appeals for the Tenth Circuit affirmed the District

Court's ruling and held:

> "We uphold the district court's ruling for substantially the reasons stated in its dismissal order. More specifically, the defendants had a sound basis for invoking ADA preemption against the plaintiffs' state-law claims. We are persuaded by the district court's conclusion that an Oklahoma state-law claim that requires a court to determine a reasonable price for air-ambulance services self-evidently affects the price of those services. And, thus, ordinarily the ADA would preempt such claims."

No. 17-6154 (10th Cir. Aug. 31, 2018), Order and Judgment at p. 17, attached

hereto as Ex. 4.

In *Scarlett v. Air Methods Corp.*, 922 F.3d 1053, 1057 (10th Cir. 2019), the Tenth

Circuit considered an appeal by class action plaintiffs of the district court's dismissal on

grounds of ADA preemption. The plaintiffs sought a determination of amounts owed for

air ambulance services and to recover any excess payments made on multiple grounds,

including a claim that the providers had been unjustly enriched. *Id.* The Tenth Circuit

affirmed the district court's dismissal order and held, "The ADA's pre-emption provision

prohibits its courts from imposing an equitable remedy in the absence of a contract

because the remedy would reflect the court's policy judgments, not the parties' mutual

assent." *Id.* at 1068 (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995)).

Other courts have similarly held that the ADA preempts claims of unjust

enrichment. In *Stout v. Med-Trans Corp.*, 313 F.Supp.3d 1289, 1296–98 (N.D. Fla.

2018), the United States District Court for the Northern District of Florida considered a

proposed class action challenging the billing practices of air ambulance providers. The

court held that the ADA preempted the plaintiffs' unjust enrichment claim and the

attempted application of a state-law reasonableness standard to reduce air ambulance

rates and found, "Since a claim for unjust enrichment is not based on the parties' 'self-

imposed obligations,' it constitutes a state-imposed obligation and is therefore preempted

by the ADA as a matter of law." (citing *Bailey v. Rocky Mountain Holdings, LLC*, 136

F.Supp.3d 1376, 1378 (S.D. Fla. 2015).

In this matter, on its face, Plaintiff's Petition seeks to enforce state laws in a way

that would affect Med-Trans' "price, route, or service." 49 U.S.C. § 41713(b)(1). Plaintiff

has asked a court to determine the "reasonable and customary value of the services

rendered" by Med-Trans and to declare that Med-Trans "may collect from her only the reasonable and customary value of the services rendered." Petition (Dkt. No. 2-1) ¶15. Her basis for this request is state law, including common law (quasi-contract and unjust enrichment) and statutory law (the Oklahoma Declaratory Judgment Act). *Id.* ¶¶ 11, 15. Therefore, her claims are preempted.[5]

**CONCLUSION**

For the foregoing reasons, Med-Trans respectfully requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] Preemption of claims such as Plaintiff's does not give Med-Trans carte blanche to bill its customers whatever it wishes. The DOT has supervisory authority over Med-Trans to ensure that it does not engage in unfair or deceptive practices or unfair methods of competition that harm consumers.  See 49 U.S.C. § 41712(a); *see also Morales*, 504 U.S. at 391 (discussing DOT's supervisory authority over air carriers). Indeed, the DOT actively supervises air carriers' conduct and sanctions air carriers for unfair and deceptive pricing practices. *See, e.g.*, Department of Transportation, Consent Order and Order of Dismissal in *Edelman v. Middle East Airlines Airliban*, Docket DOT-OST-2013-0215, Order 2015-11-4 (Nov. 5, 2015), https://www.transportation.gov/sites/dot.gov/files/docs/eo_2015-11-4.pdf (sanctioning air carrier for deceptive practice where it inflated prices by misrepresenting taxes charged); Susan Carey and Jack Nicas, *Transportation Department Investigates Concerns About Airline Price Gouging*, Wall St. J., July 24, 2015, https://www.wsj.com/articles/u-s-transportation-department-investigates-concerns-about-airline-price-gouging-1437748382 (DOT investigating allegations that five biggest U.S. airlines, American Airlines, United Airlines, Delta Airlines, Southwest Airlines, and JetBlue engaged in price gouging following Amtrack derailment in Philadelphia that temporarily disrupted train service in the Northeast corridor).Thus, although courts cannot alter Med-Trans' rates, the DOT can ensure that consumers are protected.

10

Respectfully submitted,

*/s/ Brandon L. Buchanan*
BRANDON L. BUCHANAN, OBA #18661
MARK SPENCER, OBA # 12493
MCAFEE & TAFT A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, Oklahoma  73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
brandon.buchanan@mcafeetaft.com
mark.spencer@mcafeetaft.com


*-and-*

ANNA E. IMOSE, OBA #32021
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK  74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
anna.wolfe@mcafeetaft.com
*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

P. Scott Hathaway
Madison C. Mosier
*Attorneys for Plaintiff*


*/s/ Brandon L. Buchanan*
BRANDON L. BUCHANAN

11